IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAURA VILLAREAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-1839 |
| | § | |
| NATIONS RELIABLE LENDING, LLC, | § | |
| PLAZA HOME MORTGAGE, INC., | § | |
| AND MORTGAGE ELECTRONIC | § | |
| REGISTRATION SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING ENTRY OF DEFAULT
## AND DEFAULT JUDGMENT

On September 24, 2018, Plaza Home Mortgage, Inc. filed a third-party complaint against Israel Ramirez, Jr., seeking enforcement of its lien on the home located at 6111 Tyne Street, Houston, Texas 77007. (Docket Entry No. 32). Plaza has moved for entry of default and for default judgment against Ramirez. (Docket Entry Nos. 36, 37).

There are three steps to obtaining a default judgment: (1) default, (2) entry of default, and (3) default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The Fifth Circuit has explained:

> "A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*."

*Id.* (emphasis in original). The moving party is required to satisfy a three-step process, in which default must precede entry of default and entry of default must precede default judgment. *See Pipe*

*Wrap LLC v. P3 Indus. Techs., Inc.*, No. H-8-822, 2009 WL 2915921, at *2 (S.D. Tex. Aug. 31, 2009).

Under Federal Rule of Civil Procedure 55(a), a default must be entered when a party shows "by affidavit or otherwise" that another party "against whom a judgment . . . is sought has failed to plead or otherwise defend . . . ." FED. R. CIV. P. 55(a). Either the clerk or the court may enter the default. *Pipe Wrap*, 2009 WL 2915921, at *2.

After default is entered, the plaintiff may move for default judgment under Rule 55(b):

> "The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

FED. R. CIV. P. 55(b)(2). Local Rule 5.5 requires that motions for default judgment "be served on the defendant-respondent by certified mail (return receipt requested)." S. D. TEX. L.R. 5.5.

Plaza asked the court to enter default against Ramirez on December 14, 2018. (Docket Entry No. 36). Plaza argues that Ramirez defaulted because he did not respond within the allowed time. (*Id.* at 1). The record shows that Ramirez was served on October 23, 2018, but he did not answer or otherwise appear, as required by Rule 12(a)(1). (Docket Entry Nos. 35, 36-1, 36-2). The court finds that Ramirez defaulted and enters default under Rule 55(a). (Docket Entry No. 36); *Brown*, 84 F.3d at 141.

Plaza also moved for default judgment on December 14, 2018. (Docket Entry No. 37). To obtain a default judgment, Plaza must allege facts showing that: (1) a debt exists; (2) the debt is secured by a lien created under Article XVI of the Texas Constitution; (3) Ramirez is in default under the terms of the note and security agreement; and (4) Ramirez was properly served with notice of default and notice of acceleration. *See, e.g.*, *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d

2

732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

The complaint alleges that in August 2014, Ramirez and Villarreal executed a Texas home equity note for $246,000 payable to Nations Reliable Lending, LLC and secured by the Tyne Street property. (Docket Entry No. 32 at ¶ 5; Docket Entry No. 37 at 3; *see* Docket Entry No. 1-1 at 287–89). According to the complaint, Ramirez and Villarreal also entered into a Texas home equity security instrument, which was recorded in Harris County. (Docket Entry No. 32 at ¶ 6; *see* Docket Entry No. 38-1 at 11–23; Docket Entry No. 38-1 at 27). The complaint alleges that Plaza owns the note and security instrument, and that Ramirez failed to make payments as required under the agreements' terms. (Docket Entry No. 32 at ¶¶ 6–7, 9; *see* Docket Entry No. 38-1 at 25–26). The complaint alleges that Ramirez received a notice of default and an intent to accelerate in January 2017, but he failed to cure the default. (Docket Entry No. 32 at ¶ 9; *see* Docket Entry No. 38-1 at 29–30, 34. The record evidence supports these allegations, entitling Plaza to default judgment. *Pipe Wrap*, 2009 WL 2915921, at *4–*5.

The record shows that Plaza may enforce the lien and foreclose on Ramirez's interest in the Tyne Street property. *Huston*, 988 F. Supp. 2d at 741. The court grants Plaza's motion for entry of default judgment. (Docket Entry No. 37). Plaza may separately move for attorney's fees and costs under Rule 54(d).

SIGNED on January 28, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge